722 So.2d 397 (1998)
Billy GUIENT, et al., Plaintiffs-appellees,
v.
TIMMONS INTERNATIONAL, INC., et al., Defendants-Appellants.
No. 98-745.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
Darrel Dee Ryland, Marksville, for Billy Guient.
James Michael Percy, Baton Rouge, for Harco National Ins. Co.
Randall M. Seeser, Alexandria, for Shetler Mutual.
Before THIBODEAUX, DECUIR and GREMILLION, Judges.
DECUIR, Judge.
Defendants, Timmons International, Inc. and Harco National Insurance Company, appeal summary judgment rendered against *398 Harco finding primary insurance coverage for damages resulting from a traffic accident. Plaintiffs, Billy and Paula Guient and Direk and Valerie Battiste, answered the appeal, contending the trial judge erred in ruling that Shelter Mutual Insurance Company also provides primary coverage for the plaintiffs' damages, if any, which coverage must be apportioned equally with the Harco coverage. Finding no manifest error in the judgment of the trial court, we affirm.
Jim Hamilton is the owner of James K. Hamilton & Sons, Inc., a trucking company. On June 7, 1996, Jim and his son, Bobby Hamilton, entered into an agreement with Billy Timmons for the purchase of a new truck from Timmons International. As part of the purchase price, Timmons agreed to accept as a trade-in a 1989 International truck. The parties signed different copies of an invoice which contained the price of the new truck and the trade-in value of the 1989 truck. Several modifications were to be made to the new truck prior to delivery to Hamilton. Likewise, the 1989 truck also was not ready for delivery on June 7. It was understood without discussion that Hamilton would continue to use the 1989 truck for business purposes until the new truck was ready for delivery.
On June 14, 1996, Hamilton's employee, Bryan Coco, was driving the 1989 truck, preparing it for delivery to Timmons later that day, when he struck the plaintiffs' vehicle. Plaintiffs sued Coco, Hamilton, and Hamilton's liability insurer, Shelter Mutual Insurance Company. Alleging that the 1989 truck was owned by Timmons on the day of the accident, plaintiffs also sued Timmons and Harco. Timmons was named as a defendant in order to satisfy the requirements of La. R.S. 22:655(B), the direct action statute. Harco was sued as the insurer of Coco, a permitted user of the vehicle owned by the named insured, Timmons. Harco then filed a cross-claim against Hamilton and Shelter.
Timmons and Harco denied liability and moved for summary judgment on the coverage issue. The plaintiffs also moved for summary judgment on the question of Harco's coverage and Shelter's coverage. Hamilton and Shelter settled with the plaintiffs and were dismissed from the main demand; they remain in the suit as defendants to the cross-claim although they are not parties to this appeal.
The trial judge reviewed the Harco and Shelter policies and determined that both policies provide primary coverage for this accident; therefore, he prorated liability for the plaintiffs' yet to be determined damages equally between the two insurers. In reaching this conclusion, the trial judge found that the 1989 truck was owned by Timmons at the time of the accident and that Bryan Coco was an insured driver under the Harco policy and under the Shelter policy.
Harco and Timmons first contend the trial court erred in finding coverage on the part of Harco and in finding that coverage to be primary. In affirming the trial court's ruling, we find that Timmons was the owner of the 1989 truck at the time of the accident. Under La.Civ.Code art. 2456, ownership of the truck was transferred when Hamilton and Timmons agreed on the value of the trade-in and the purchase price of the new truck. At the time of the sale, Timmons anticipated continuing use of the 1989 truck by Hamilton through its drivers; Timmons did not, as Harco contends, allow use of the truck by Hamilton as a loaner vehicle, a term defined at La.R.S. 22:671.
Accordingly, Coco was driving the truck with the implied permission of its owner, Timmons. Coco was not a customer, a term not defined in the Harco policy, of Timmons, but rather, a permitted user. We note the sale had taken place a week prior to the accident, and Coco did not participate in, nor was he even aware of the negotiations for the trade-in of the 1989 truck. Therefore, by its own terms, the Harco policy provides primary coverage for this accident if liability is found on the part of the permitted driver, Coco.
The second issue raised in this appeal is whether the Shelter policy issued to Hamilton provides primary coverage for the plaintiffs' damages. Harco and Timmons urge this court to affirm the trial court's ruling that Shelter's coverage is primary. Plaintiffs, in answer to the appeal, contend the *399 Shelter policy was not in effect at the time of the accident; they argue in the alternative that if the policy was in effect, it provided only excess coverage for their damages.
We find no merit to the plaintiffs' contentions. While it is true the coverage period of the Shelter policy contained in the record of these proceedings, and presumably produced by Shelter in response to plaintiffs' discovery requests, began at 2:00 p.m. on June 14, 1996, and the accident in question occurred shortly before noon on that date, the testimony in the record reveals the policy was a renewal policy. Shelter admitted early in these proceedings that it issued a liability policy to Hamilton which was in full force and effect on the accident date. The question of the effective time of coverage was not raised in the trial court. We conclude, based on the evidence in the record, that Shelter did provide liability coverage to Hamilton at the time of this accident.
On the issue of primary coverage, we agree with the conclusions of the trial judge. The Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Section 29 and 30 of the Motor Carrier Act of 1980, a part of the Shelter policy, specifically states, "This insurance is primary...." The trial judge noted the 1989 truck is listed in the Shelter policy as a covered vehicle, and further, the policy specifically covers all vehicles operated by Hamilton. Finally, the trial judge emphasized the Shelter policy has no provision for the automatic cancellation of primary coverage on a vehicle that has been sold. A thorough review of the record reveals no manifest error in these findings.
After concluding that the alleged tortfeasor, Bryan Coco, has two primary insurance policies available in the event he is found liable for the plaintiffs' damages, the trial judge determined the responsibility of coverage should be shared equally between the insurers. We find no error in this conclusion.
For these reasons, the judgment of the trial court is affirmed, and the trial court is instructed to proceed with a determination of the merits. Costs of this appeal are to be divided equally between the plaintiffs and the appellants, Timmons International and Harco National Insurance Company.
AFFIRMED.